# Karnofsky Brothers *v.* Delaware & Hudson Co., Appellant.

*Carriers—Railroads—Live stock—Negligence—Damages — Evidence—Experts—Act of Congress of June 29, 1906, 34 Stat. L. 607.*

1. In an action against a carrier for damages for loss of horses, where there is evidence tending to show that the horses had not been fed by the carrier within the time required by the Act of Congress of June 29, 1906, 34 Stat. L. 607, and that the carrier had not acted with due care under the circumstances, the case is for the jury under proper instructions from the trial judge.

2. In such case expert testimony is admissible to the effect that the horses had not been fed within the required time.

3. When witnesses testify that the horses, with three exceptions, that lived after their arrival, were then without any market value, defendant cannot assert that there was not sufficient evidence to sustain a verdict for plaintiffs, because the latter did not show what they received for the horses, but evidence as to their value was given.

Argued September 26, 1923. Appeal, No. 292, Jan. T., 1923, by defendant, from judgment of C. P. Luzerne Co., Oct. T., 1918, No. 276, on verdict for plaintiffs, in case of Karnofsky Brothers v. Delaware & Hudson Company. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for injuries to horses shipped under live-stock contract. Before WOODWARD, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiffs for $2,693.25: 22 Luz. Leg. Reg. R. 267. Defendant appealed.

*Errors assigned* were, inter alia, refusal of judgment n. o. v. for defendant, and admission of evidence recited in opinion of the Supreme Court, quoting record.

*Edward T. Noble,* with him *W. C. Noyes* and *James H. Torrey,* for appellants.

*Frank A. McGuigan,* for appellee.

PER CURIAM, January 7, 1924:

When this case was here before (274 Pa. 272), with the record disclosing facts substantially as now presented, we said (page 277) : "On the whole, we feel that the issues, as to whether or not, as a matter of fact, the horses had been fed within the required time, and whether defendant acted with due care in the premises, were for the jury, under proper instructions from the trial judge, who might well have charged that, if the jury believed a reasonable exercise of care on the part of the defendant railroad would have shown the horses in such a starving condition that its inspector must have known they were in dire need of food and water, then the absence of due attention to their needs would constitute negligence." Nothing brought to our notice on this appeal leads us to a change of view.

On the former appeal, we determined that the evidence of the experts, called by plaintiff, who testified that, in their professional opinion, the horses had not been fed within the required time, was admissible. These same experts were called on the second trial and appellant challenges the competency of their testimony. We see no occasion to alter our prior ruling.

Complaint is made by appellant that there was no sufficient evidence of damage to sustain the verdict because plaintiffs did not show what they received for the horses. The trial court in its opinion discharging the rule for a new trial, said: "Witnesses for the plaintiff had already testified that the horses that lived after their arrival, except three which were unaffected, were without any market value and a total loss. There was no other evidence in the case as to difference in value caused by the alleged negligence, except that of the plaintiff himself, and the $75 [allowance made by plaintiff] per horse on the fourteen horses was in the nature of a credit allowed on his claim, nor was any objection made to the

admission of his testimony on the trial." We see no error in this feature of the case.

The assignments of error are overruled and the judgment is affirmed.